IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ROBERT C. PATTEN**                                                                 **PLAINTIFF**

**v.**                                                        **CAUSE NO. 1:24cv83 LG-RPM**

**MATCO TOOLS**                                                   **DEFENDANTS**
**CORPORATION**
**and**
**SCHLEY PRODUCTS, INC.**

### ORDER GRANTING IN PART SCHLEY PRODUCTS, INC.'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT

**BEFORE THE COURT** is Schley Products, Inc.'s [8] Motion to Dismiss, or in the alternative, Motion for a More Definite Statement. Robert C. Patten, "Plaintiff," was injured while using a ball joint press allegedly manufactured by the Defendants, Matco Tools Corporation and Schley Products. Plaintiff alleges two separate causes of action in his Complaint. Count I alleges strict liability. Count II alleges breach of implied warranty.[1]

Schley seeks 12(b)(6) dismissal arguing that Plaintiff failed to state a claim upon which relief can be granted because Plaintiff does not explicitly plead his claims under the Mississippi Products Liability Act (MPLA). Plaintiff filed a [14]

---

[1] *See* Complaint at pp. 3-5.

Response in opposition to the motion arguing that there is no confusion and admitting that his claim is brought pursuant to the MPLA.

## DISCUSSION

"When faced with a Rule 12(b)(6) motion to dismiss, the court, liberally construing the complaint in the plaintiffs' favor and accepting all well-pleaded factual allegations as true, must determine whether the plaintiff has asserted a legally sufficient claim for relief." *Adams v. Energizer Holdings, Inc.*, No. 3:12CV797-TSL-JMR, 2013 WL 1791373, at *1 (S.D. Miss. Apr. 19, 2013) (citing *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009)). "Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Austin v. Bayer Pharmaceuticals Corp.*, No. 5:13-CV-28-KS-MTP, 2013 WL 5406589, at *4 (S.D. Miss. Sept. 25, 2013) (quoting *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009)); *see, e.g., Gulfstream Prop. and Cas. Ins. Co. v. Alarm.com, Inc.*, No. 5:21cv52-DCB-LGI, 2022 WL 1541290, at *5 (S.D. Miss. May 16, 2022) (citing *Lormand*, 565 F.3d at 232).

The Mississippi Products Liability Act "applies 'in any action for damages caused by a product,' with deviation defects, warnings or instruction defects, design defects, and where a product breached an express warranty." Miss. Code Ann. § 11-1-63 . Under Mississippi law:

> In interpreting and applying the MPLA, we have explained that "the MPLA provides the exclusive remedy" for products-liability claims, and "since [the enactment of the MPLA], products-liability claims have been specifically governed by statute, and a claimant, in presenting his case, must pay close attention to the elements of the cause of action and the liability limitations enumerated in the statute." In other words, the MPLA has abrogated products-

liability claims based on strict-liability or negligence theories, and the MPLA now provides the roadmap for such claims.

*Elliott v. El Paso Corp.*, 181 So. 3d 263, 268 (Miss. 2015). Based on the statutory language in the MPLA, "in a case involving a product defect, ... a claim for breach of an implied warranty would seem to be subsumed by the MPLA." *Elliot*, 181 So. 3d at 269 n.24.

Although Count I of the Complaint is entitled "Strict Liability Of Matco And Schley", the misnomer is not necessarily fatal to the claim. While not explicitly cited, taken as a whole the allegations in Count I plainly state elements of a claim under the MPLA. Moreover, in response to the Motion, Plaintiff concedes that he seeks relief pursuant to the MPLA.[2]

However, Count II of the Complaint, entitled "Implied Warranty By Matco and Schley" is at best duplicative of an already pled MPLA claim. Where, as here, a common law claim is subsumed by the MPLA and is brought alongside a products liability claim based on the same theory of recovery, the proper course is to dismiss the common law claim to the extent it is duplicative of the parallel products liability count. To the extent a subsumed common law count is asserted as an independent tort claim outside the scope of the MPLA, the count must be dismissed for failure to state a claim. *Young v. Bristol-Myers Squibb Co.*, No. 4:16-cv-00108-DMB-JMV, 2017 WL 706320, at *4 (N.D. Miss. Feb. 22, 2017); *see also Finch v. Pepperidge*

---

[2] *See* Plaintiff's Memorandum Brief in Response.

*Farms, Inc.*, No. 1:18-cv-152-GHD-DAS, 2019 WL 302506, at *1 (N.D. Miss. Jan. 23, 2019) (citing *Young*, 2017 WL 706320, at *4).

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [8] Motion to Dismiss, or in the alternative, Motion for a More Definite Statement, filed by Schley Products, Inc. is **GRANTED IN PART.** Count II of the Plaintiff's Complaint is **DISMISSED** pursuant to Fed. R. Civ P. 12(b)(6). All further requested relief is denied.

**SO ORDERED AND ADJUDGED** this the 26th day of June, 2024.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE